## THOMAS *v.* STATE.

Feb. 23, 1953

No. 38653          21 Adv. S. 102          63 So. 2d 39

*King & King,* for appellant.

*Geo. H. Ethridge,* Assistant Attorney General, for appellee.

ETHRIDGE, J.

Appellant Reedy C. Thomas was indicted for the murder of J. C. McMurtray and was convicted in the Circuit Court of Holmes County of manslaughter. He argues that the verdict of the jury is contrary to the overwhelming weight of the reasonable and believable evidence. The crime occurred on October 24, 1951, while appellant and McMurtray, and other Negroes were working on a bridge building project for a railroad near Tchula. Appellant and McMurtray were living in a camp car of the railroad. The shooting occurred around 4:15 P. M. in the camp car after they had ceased work. The

State's case, mainly as evidenced by an eyewitness named Jesse Williams, who also lived in the camp car, was to the effect that appellant cursed McMurtray, and without any provocation and without McMurtray making any threatening gestures appellant shot him. Appellant denied this version, and testified that he shot only after McMurtray had cursed him, and had threatened to cut his throat and to kill him, and after deceased had reached in his pocket for what appellant thought was a knife. No knife or other weapon was found on McMurtray after the shooting. Appellant said that he thought McMurtray had a knife because he had seen him with one the night before. The issues, including that of self defense, were presented to the jury, which accepted the state's version. The evidence was in conflict, and the conviction is supported by the state's testimony. The jury had the right to accept the testimony of Williams, when it is considered as a whole.

Appellant also complains of the refusal of two instructions, but they were properly denied. One of them told the jury that the danger to defendant "need not be apparent at the very instant the fatal blow is struck." But the apparency of danger must exist at the time a defendant acts in his own defense. 2 Julian P. Alexander, Mississippi Jury Instructions, (1953) Sections 4366-4370. Irby v. State, 186 Miss. 161, 185 So. 812, (1939), upon which appellant relies, does not consider whether the danger must be apparent at the time the fatal blow is struck.

Affirmed.

*McGehee, C. J.*, and *Lee, Kyle* and *Arrington, JJ.*, concur.